**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**


RANDY BAZEMORE,               :      CIVIL NO. **3:05-CV-1089**
                              :
                Petitioner    :      (Judge Kosik)
                              :
        v.                    :      (Magistrate Judge Smyser)
                              :
SUPERINTENDENT, S.C.I FOREST, :
                              :
            Respondent        :


**<u>ORDER</u>**


     On May 31, 2005, the petitioner, a state prisoner
proceeding *pro se*, filed a petition for a writ of habeas corpus
pursuant to 28 U.S.C. § 2254.


     By an Order dated June 2, 2005, we gave the petitioner the
notice required by *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000),
and ordered the petitioner to inform the court on or before
June 22, 2005 whether he wants (1) to have his petition ruled
upon as filed; (2) if his pleading is not styled as a § 2254
petition, to have his pleading recharacterized as a § 2254
petition and heard as such, but lose his ability to file a
second or successive petition absent certification by the court

of appeals as required by 28 U.S.C. § 2244(b); or (3) to withdraw his petition and file one all-inclusive petition within the one-year statutory period prescribed in 28 U.S.C. § 2244(d). On June 24, 2005, the petitioner filed a response to our June 2, 2005 Order.  The petitioner stated that he wants to proceed with his current *pro se* petition.

By an Order dated July 1, 2005, the respondent was ordered to respond to the petition on or before July 21, 2005.  The Order of July 1, 2005 provided that the petitioner may file a reply to the response within ten days of its filing.

The respondent sought and was granted leave to file, on or before August 9, 2005, a partial answer to the petition addressing only the question of whether the petition is barred by the statute of limitations.  On August 9, 2005, the respondent filed a partial answer to the petition and a brief arguing that the petition is barred by the statute of limitations.

28 U.S.C. § 2244(d) provides:

    (d)(1) A 1-year period of limitation shall apply
to an application for a writ of habeas corpus by a
person in custody pursuant to the judgment of a State
court.  The limitation period shall run from the
latest of-
    (A) the date on which the judgment became final
by the conclusion of direct review or the expiration
of the time for seeking such review;
    (B) the date on which the impediment to filing an
application created by State action in violation of
the Constitution or laws of the Untied States is
removed, if the applicant was prevented from filing by
such State action;
    (C) the date on which the constitutional right
asserted was initially recognized by the Supreme
Court, if the right has been newly recognized by the
Supreme Court and made retroactively applicable to
cases on collateral review; or
    (D) the date on which the factual predicate of
the claim or claims presented could have been
discovered through the exercise of due diligence.
    (2) The time during which a properly filed
application for State post-conviction or other
collateral review with respect to the pertinent
judgment or claim is pending shall not be counted
toward any period of limitation under this subsection.


The respondent contends that the petition is barred by 28

U.S.C. § 2244(d)(1)(A) on the basis that the petition was not

filed within one year of the date the petitioner's conviction

and sentence became final.   The details surrounding the

procedural history of the proceedings in state court are

3

sketchy.  The respondent asserts that the following sequence
took place.

In 1993, the petitioner was convicted in the Court of
Common Pleas of Dauphin County of robbery and criminal homicide.
He was sentenced to life imprisonment.  On March 11, 1994, the
trial court denied the petitioner's post-sentence motion.  The
petitioner did not file a direct appeal.  The petitioner filed a
petition for collateral relief under Pennsylvania's Post
Conviction Relief Act.  That petition was denied on March 20,
1996.  On May 21, 2003, the petitioner filed a notice of appeal
from an order issued on May 15, 2003.[1]  On November 13, 2003,
the Superior Court of Pennsylvania quashed the petitioner's
appeal.  The petitioner did not seek relief in the Supreme Court
of Pennsylvania relating to the quashing of his appeal.

The respondent assumes that the petitioner's conviction
became final on December 13, 2003 - thirty days after the

_____

[1] The respondent has not provided the court with a copy of the
Order of May 15, 2003 or any other orders or opinions from the state
courts.  Nor has the respondent described the contents of the Order
of May 15, 2003 or to what the Order of May 15, 2003 relates.

4

November 13, 2003 order of the Superior Court quashing the
petitioner's appeal.  The respondent concludes that the
petitioner had until December 13, 2004 to file a federal habeas
petition and that since the instant petition was not filed until
May 31, 2005, the instant petition is untimely.  The respondent
also contends that there is no basis for statutory or equitable
tolling of the statute of limitations.

The respondents have not provided the court with the orders
and opinions of the state court relating to the petitioner's
conviction and sentence.  Thus, the court is not able to make
the calculations necessary to determine with any confidence
whether the statute of limitations bars one or more of the
claims in this case.  Moreover, the respondents only address
whether the petition is timely pursuant to 28 U.S.C.
§ 2244(d)(1)(A).  The petitioner, however, intimates that
pursuant to 28 U.S.C. § 2244(d)(1)(D) the statute of limitations
did not begin to run on at least some of his claims until the
date on which he reasonably discovered the factual predicate of
those claims.  The date on which the factual predicate of the
claim or claims presented could have been discovered through the

5

exercise of due diligence is not clear from the record in this case.  Because the court has not been provided with a record sufficient to determine the statute of limitations questions presented in this case, we will appoint counsel to represent the petitioner and brief the statute of limitations issue.

On October 3, 2005, the petitioner filed a motion entitled "Motion for Relief from Denied Access to the Courts."  The petitioner contends that he is being denied access to the prison law library.  Since we will appoint counsel to represent the petitioner and, therefore, the petitioner will not need to research issues relating to this case in the law library, we will deny as moot the petitioner's motion.

Also pending in this case is a motion filed by the petitioner entitled "Motion to Suppress Material and Physical Evidence."  We will deny this motion without prejudice to the petitioner's counsel filing any motions he or she deems appropriate.

Also pending in this case is a motion filed by the petitioner entitled "Petitioner's Motion to File a Partial Answer."  That motion will be granted to the extent that the court has considered the arguments made by the petitioner in that motion and his subsequent briefs.

**IT IS HEREBY ORDERED** that the petitioner's motion (doc. 17) for the appointment of counsel is **GRANTED** and the Federal Public Defender, 100 Chestnut Street, Suite 306, Harrisburg, Pennsylvania, 17101, telephone (717) 782-2237, is appointed to represent the petitioner.  **IT IS FURTHER ORDERED** that within twenty days of the date of this order counsel for the petitioner shall file a brief addressing the statute of limitations.  The respondent shall file a brief in opposition to the petitioner's brief within fifteen days after the petitioner's brief is filed. The petitioner may file a reply brief within ten days of the filing of the respondent's brief in opposition.  **IT IS FURTHER ORDERED** that the petitioner's motion (doc. 30) for relief from denial of access to the courts and the petitioner's motion (doc. 6) to suppress are **DENIED. IT IS FURTHER ORDERED** that the

7

petitioner's motion (doc. 21) to file a partial answer is

**GRANTED** to the extent that the court has considered the

arguments made by the petitioner in that motion and his

subsequent briefs.


                                        _/s/ J. Andrew Smyser_
                                        J. Andrew Smyser
                                        Magistrate Judge

Dated:  October 19, 2005.