IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDY BAZEMORE, : | |
| : | |
| Petitioner, : | |
| : | |
| vs. : | CIVIL ACTION NO. 3:05-1089 |
| : | (JUDGE KOSIK) |
| SUPERINTENDENT, SCI-FOREST : | |
| : | |
| Respondent. : | |

**MEMORANDUM**

Before the court are the petitioner's objections, filed July 17, 2006, (Doc. 57) to the Report and Recommendation (Doc. 52) of Magistrate Judge J. Andrew Smyser. Also before the court is the petitioner's "Motion To Disclose All Physical, Material, Favorable and Exculpatory Evidence," (Doc. 58) filed on July 20, 2006. For the reasons that follow, we will overrule the petitioner's objections, adopt the Report and Recommendation of the Magistrate Judge, dismiss the petition for writ of habeas corpus, deny the petitioner's "Motion To Disclose" as moot, and close this case.

**I. BACKGROUND**

Petitioner, Randy Bazemore (hereinafter "Petitioner") was convicted of murder in the second degree and robbery on February 10, 1993, in the Court of Common Pleas for Dauphin County. *See* Criminal Docket, Doc. 47, Exhibit "A". A jury convicted Petitioner in relation to the death of Samuel Davis, a taxi driver who perished when his vehicle struck a bridge abutment in the City of Harrisburg after a physical struggle with a passenger in the cab. Petitioner and Gary Noon were in the back seat of the taxi at the time of the crash. *See* 3/20/96 Opinion at p. 2, Doc. 47, Exhibit "D". The men

agreed that Petitioner sat on the passenger side of the rear seat and that Noon sat on the driver side of the rear seat prior to the attack. *Id.* Both men were arrested in connection with Mr. Davis' death. In statements to the police, Petitioner and Noon blamed each other for strangling Mr. Davis in an attempt to rob the driver, thereby causing the fatal crash. *Id.* at 1. An autopsy revealed evidence consistent with Davis having been strangled. *Id.*

Prior to trial, the Commonwealth collected hairs from Petitioner's head to compare with hair found on the windshield of the taxi cab. Petitioner claims that neither the human hair evidence, nor the results of any forensic tests on the collected hair, were provided to him or produced at his trial. Petitioner claims that the sole evidence presented against him at trial was the testimony of Noon, a man that Petitioner contends was "clearly a polluted source and also mentally retarded." *See* Petitioner's 1/20/06 Brief at p. 11, Doc. 47. The Commonwealth made a deal with Noon in exchange for his testimony against Petitioner. *See* 3/20/96 Opinion at p. 2, Doc. 47, Exhibit "D". Noon testified that Petitioner "jumped over the front seat" and "grabbed [Davis] by his neck . . .." *Id.* at 8.

A jury convicted Petitioner of murder in the second degree on or about February 10, 1993. Petitioner failed to take a timely direct appeal from his conviction. *See* Petitioner's 1/20/06 Brief at p. 2, Doc. 47, Exhibit "D". He subsequently filed a petition pursuant to the Post Conviction Relief Act ("PCRA"), alleging solely that trial counsel was ineffective for failing to file a timely appeal of the conviction. *Id.* On September 20, 1995, the Court of Common Pleas found trial counsel ineffective, and directed

2

Petitioner to file an appeal within thirty (30) days. *See* 9/20/95 Order, Doc. 47, Exhibit "C".

Petitioner filed a notice of appeal *nunc pro tunc* on September 28, 1995. *See* Criminal Docket, Doc. 47, Exhibit "A". The Superior Court determined that Petitioner had waived the various ineffective assistance claims contained in the appeal as he had neither presented them in his PCRA petition, nor raised the claims in a supplementary PCRA petition filed on July 10, 1995. *See* 3/20/96 Opinion at 5, Doc. 47, Exhibit "D". The Superior Court nonetheless analyzed Petitioner's claims, found no ineffective assistance on the part of trial counsel, and held that there was clearly sufficient evidence to support the verdict. *Id.* at 4, 6-7. The Superior Court affirmed Petitioner's conviction. *Id.* at 7. It does not appear as though Petitioner's 1995 appeal to the Superior Court asserted the claim that the prosecution withheld exculpatory evidence or that trial counsel rendered ineffective assistance for failing to procure the results of forensic tests on Petitioner's hair samples. The Pennsylvania Supreme Court denied a subsequent petition for allowance of appeal on April 21, 1997. *See* Criminal Docket, Doc. 47, Exhibit "A".

Petitioner filed a Notice of Appeal to the Superior Court on May 21, 2003. *See* Criminal Docket, Doc. 47, Exhibit "A". The Commonwealth filed a motion to quash the appeal as untimely. The Superior Court granted the Commonwealth's motion and quashed Petitioner's appeal by an order of November 13, 2003. *See* 11/13/03 Order, Doc. 47, Exhibit "K".

Petitioner filed a second PCRA petition on June 12, 2003. *See* Doc. 47, Exhibit

3

"F". For the first time, Petitioner asserted that the Commonwealth failed to turn over the results of the forensic test performed on Petitioner's hair samples. *Id.* at p. 3. Petitioner raised the allegation as the basis for a claim of ineffective assistance of counsel. In the second PCRA petition, he argued that, "this information was available to both trial and appellate counsel if but for [sic] their gross dereliction of duty it would have been introduced at the time of petitioner's trial." *Id.* at p. 2.

The court appointed counsel to represent Petitioner in his PCRA on November 21, 2003. *See* Criminal Docket, Doc. 47, Exhibit "A." Counsel subsequently moved to withdrawal on December 15, 2003, claiming Petitioner's challenge was without merit. *Id.* The Court of Common Pleas for Dauphin County granted counsel's petition to withdrawal on December 17, 2003. *See* 12/17/03, Order, Doc. 47, Exhibit "G." The court additionally notified Petitioner that having found no genuine issues concerning any material fact that Petitioner was entitled to post-conviction relief, it intended to dismiss the PCRA petition. *Id.* The court provided Petitioner with twenty (20) days to respond to the proposed dismissal. *Id.* Having received no response, the court dismissed Petitioner's June 12, 2003, PCRA petition on January 13, 2004. *See* 1/13/04 Order, Doc. 47, Exhibit "H." Petitioner subsequently challenged the dismissal in a "Motion for Reinstatement" filed in the Dauphin County Court of Common Pleas on February 18, 2004. *See* Motion for Reinstatement, Doc. 47, Exhibit "I." On July 20, 2004, the Dauphin County Court of Common Pleas dismissed the filing, holding that the motion was an improperly filed notice of appeal that should have been filed with the Superior Court. *See* 7/20/04 Order, Doc. 47, Exhibit "K."

On May 31, 2005, Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The petition asserted: 1) denial of effective assistance of trial counsel when the latter elicited damaging testimony from a defense witness; 2) denial of a fair trial; 3) insufficient evidence; 4) newly discovered exculpatory evidence; and, 5) prosecutorial misconduct.  *See* Brief In Support of Petition, Doc. 3. Many of Petitioner's claims concerned the prosecution's failure to share the results of forensic tests performed on Petitioner's hair and evidence found within the taxi cab. *Id.*

On May 15, 2006, Magistrate Judge Smyser filed a Report and Recommendation (Doc. 52) suggesting that we dismiss the petition as barred by the statute of limitations.  Magistrate Judge Smyser determined that Petitioner, exercising due diligence, could have discovered the results of the forensic tests prior to trial or before filing his first PCRA petition in 1995.  The Magistrate Judge reasoned that the one year statute of limitations for habeas claims based upon new evidence would have expired in 1996. Magistrate Judge Smyser determined that any statute of limitations based upon the discovery of new evidence would have run prior to the filing of the present habeas petition on May 31, 2005.  Finally, Magistrate Judge Smyser found that Petitioner failed to establish that he was actually innocent.

Petitioner filed a "Brief in Response" (Doc. 57) to the Report and Recommendation on July 17, 2006, after seeking an extension of time from the court.  We will treat the response as objections to the Report and Recommendation.  While the document does not set forth specifically identified objections, the brief does assert two challenges to Magistrate Judge Smyser's findings.  Petitioner's first contention is that

pursuant to 28 U.S.C. § 2244(d)(1)(D), the statute of limitations did not begin to run until the date on which Petitioner could reasonably have discovered the evidence that serves as the basis for this habeas challenge. Petitioner, however, does not identify when he learned of the forensic evidence. Petitioner's second claim is that he is actually innocent. He argues that the forensic evidence withheld at trial proves his innocence.

## II. STANDARD OF REVIEW

When objections are filed to a Report and Recommendation of a Magistrate Judge, we must make a de novo determination of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1); *see Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In doing so, we may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); Local Rule 72.3. Although our review is de novo, we are permitted to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper. *See United States v. Raddatz*, 447 U.S. 667, 676 (1980); *see also Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

## III. DISCUSSION

### A.     Statute of Limitations

Petitioner contends that under 28 U.S.C. § 2244(d)(1)(D), the one year statute of limitations for his claims of ineffective assistance of counsel and due process violations did not begin to run until Petitioner learned of the existence of forensic tests performed on his hair. Petitioner neglects to state when he learned that forensic tests

6

were performed. The earliest appearance of any claim by Petitioner relating to the forensic evidence is in his second PCRA petition filed in state court on June 12, 2003.

In this case, Petitioner was put on notice of possible forensic tests when the Commonwealth served a search warrant for hair samples while Petitioner was incarcerated and awaiting trial. *See* Lab Report, Doc. 51, Ex. "A." Moreover, we agree with Magistrate Judge Smyser's suggestion that at the latest, employing reasonable diligence, Petitioner should have discovered the forensic tests by the time he filed his PCRA petitioner in 1995. After all, in his second PCRA petitioner, Bazemore alleged that information about the forensic evidence "was available to both trial and appellate counsel if but for [sic] their gross dereliction of duty it would have been introduced at the time of petitioner's trial." *See* Second PCRA Petitioner at p. 2, Doc. 47, Exhibit "F." Petitioner does not offer any facts to contradict the conclusion that he should have known about the evidence by 1995. Petitioner merely states that he did not know of the existence of the forensic evidence without identifying when he discovered it. We will accept the recommendation of the Magistrate Judge that the instant petition is out of time.

Even if we were to accept that Petitioner could not have discovered the existence of the forensic evidence until the day he filed his second PCRA Petition, the first document referencing the evidence, we would nonetheless conclude that the present petition for writ of habeas corpus is barred by the applicable statute of limitations. The statute of limitations for habeas petitions filed by state prisoners is found in 28 U.S.C. § 2244(d). The provision states as follows:

> (1) A 1-year period of limitation shall apply to an

7

> application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) ***the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.***
> (2) ***The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection***.

28 U.S.C. § 2244(d) (emphasis added).

We know that Petitioner was aware of the allegedly newly discovered evidence by June 12, 2003, the date that he filed his second PCRA petition. In that document, Petitioner claimed that he was denied effective assistance of counsel when his trial counsel and his first PCRA counsel failed to obtain the forensic test results. *See* Second PCRA Petitioner at p. 2, Doc. 47, Exhibit "F." The county court denied that petition on January 13, 2004. *See* 1/13/04 Order, Doc. 47, Exhibit "H". Petitioner never properly appealed that order. The Dauphin County Court of Common Pleas dismissed his subsequently filed "Motion for Reinstatement" as an improper notice of appeal. *See* 7/20/04 Order, Doc. 47, Exhibit "K." The last filing does not affect the

date upon which the January 13, 2004, order dismissing Petitioner's second PCRA petition became final. The dismissal became final thirty days after January 13, 2004, on or about February 12, 2004.

Even if we assume that Petitioner could not have reasonably discovered the existence of the forensic evidence prior to filing the 2003 PCRA petition, and if we assume that petition was a "properly filed application," the one-year statute of limitations would have commenced on or about February 12, 2004.[1] Petitioner did not file the instant petition for writ of habeas corpus until May 31, 2005, more than three months beyond the expiration of the most liberal reading of the statute of limitations provided in 28 U.S.C. §§ 2244(d)(1)(D) and 2244(d)(2). We agree with the Magistrate Judge that the petition for writ of habeas corpus is untimely. Absent a showing of equitable tolling for Petitioner's claim of actual innocence, the petition must be dismissed.

**B.     Actual Innocence**

Petitioner objects that the Magistrate Judge erred in determining that Petitioner failed to establish his claim of actual innocence. Petitioner asserts that the statute of limitations should be tolled to prevent a miscarriage of justice. He contends that he is actually innocent of the crimes for which he was convicted. Petitioner argues that the forensic evidence supports his claim of innocence.

The Third Circuit, as with a majority of the circuit courts, has held that the one-year

---

[1] As noted above, we hold that Petitioner, using reasonable diligence, could have discovered the forensic evidence before trial or prior to his initial PCRA petition in 1995.

9

statute of limitations for habeas petitions is generally subject to equitable tolling. *See Miller v. New Jersey State Dep't of Corr.*, 145 F.3d 616, 618 (3d Cir.1998) (holding Antiterrorism and Effective Death Penalty Act's (AEDPA) one-year limitations period for habeas petitions subject to equitable tolling). The Circuit has never held that the AEDPA statute of limitations can be equitably tolled on the basis of actual innocence. The court recently avoided reaching a decision on this issue in the case of *Horning v. Lavan*, 2006 WL 2805608, (3d Cir. 2006). In that case, the court was presented with the question of whether actual innocence could be a basis for equitable tolling, but decided the appeal on other grounds. *Id.* at 4. The Third Circuit, therefore, left open the issue of whether a claim of actual innocence may serve as a basis for equitable tolling.

We need not conjecture how the Third Circuit would decide that issue. Rather, we will assume, for the purposes of the present petition only, that Petitioner's claim of actual innocence is not barred by the statute of limitations. We nonetheless concur with Magistrate Judge Smyser that Petitioner has failed to demonstrate that he is actually innocent.

The Supreme Court recently reiterated the standard to be applied to claims of actual innocence. The "standard is demanding and permits review only in the 'extraordinary' case. At the same time, though, the *Schlup* standard does not require absolute certainty about the petitioner's guilt or innocence. A petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt -- or, to remove

10

the double negative, that more likely than not any reasonable juror would have reasonable doubt." *House v. Bell*, 126 S. Ct. 2064, 2077 (2006) (citing *Schlup v. Delo*, 513 U.S. 298, 319-322, 324 (1995)). In the habeas context, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. U.S.*, 523 U.S. 614, 623 (1998).

In this case, Petitioner relies upon laboratory results to establish his innocence. As the Magistrate Judge noted in his Report and Recommendation, the forensic report cited to by Petitioner contains essentially neutral conclusions. *See* Lab Report, Doc. 51, Exhibit "A." The hair fragments found on the windshield of the cab exhibited characteristics consistent with Petitioner's hair. However, the comparison was judged to have "limited significance" due to the decreased number of characteristics in the hair removed from the vehicle. *Id*. While the lab report does not provide evidence of Petitioner's guilt, it also offers no exculpatory evidence. The evidence, which was not offered by the prosecution at trial, does not support Petitioner's claim of actual innocence. Specifically, it does not establish that Petitioner was factually innocent. *See Bousley*, 523 U.S. at 623 (holding actual innocence means factual innocence, not mere legal insufficiency). The forensic report does not make it "more likely than not any reasonable juror would have reasonable doubt." *House*, 126 S. Ct. at 2077. We agree with Magistrate Judge Smyser's conclusion that Petitioner has failed to establish his claim of actual innocence.

**IV. CONCLUSION**

The present habeas petition is out of time as Petitioner failed to file with this court

within the time allotted by 28 U.S.C. § 2244(d).  Even if we assume that the statute of limitations is equitably tolled for the purposes of Petitioner's claim of actual innocence, we hold that claim must fail as Petitioner cannot establish that no reasonable juror would find him guilty beyond a reasonable doubt.  *See House*, 126 S. Ct. at 2077.  We will adopt Magistrate Judge Smyser's Report and Recommendation and deny the petition for writ of habeas corpus.  Petitioner's "Motion To Disclose All Physical, Material, Favorable and Exculpatory Evidence," (Doc. 58) is denied as moot.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDY BAZEMORE, | : |
| | : |
| Petitioner, | : |
| | : |
| vs. | : CIVIL ACTION NO. 3:05-1089 |
| | : (JUDGE KOSIK) |
| SUPERINTENDENT, SCI-FOREST | : |
| | : |
| Respondent. | : |

**ORDER**

AND NOW, this 19th day of DECEMBER 2006, IT IS HEREBY ORDERED THAT:

[1] Petitioner's objections to the Report and Recommendations, entitled "Petitioner's Brief In Response To This Court's Report And Recommendation Of The Magistrate Judge," (Doc. 57) are overruled;

[2] the Report and Recommendation of Magistrate Judge J. Andrew Smyser dated May 15, 2006, (Doc. 52) is adopted;

[3] the petition for writ of habeas corpus (Doc. 1) is dismissed;

[4] Petitioner's "Motion To Disclose All Physical, Material, Favorable and Exculpatory Evidence," (Doc. 58) is denied as moot.

[5] the Clerk of Court is directed to close this case and forward a copy of this Memorandum and Order to United States Magistrate Judge J. Andrew Smyser; and,

[6] based on the court's conclusions herein, there is no basis for the issuance of a certificate of appealability.

                                                s/Edwin M. Kosik
                                                United States District Judge